**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JEFFREY S. ALLSHOUSE,**

                **Plaintiff,**                **CIVIL ACTION NO. 07-12516**

        **vs.**                                **DISTRICT JUDGE ARTHUR J. TARNOW**

                                               **MAGISTRATE JUDGE MONA K. MAJZOUB**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

                **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:**     Plaintiff's Application For Attorney's Fees Under The Equal

Access To Justice Act And For Entry Of Final Judgment (docket no. 25) filed on December 16, 2008

should be **GRANTED** in part.

                                    ***

**II.**    **REPORT:**

        **A.**     *Facts and Procedural History*

        Plaintiff filed this Application For Attorneys' Fees Under The Equal Access To Justice Act

And For Entry Of Final Judgment on December 16, 2008.  (Docket no. 25).  Defendant filed a

Memorandum in Opposition To Plaintiff's Application For Attorney Fees Under The Equal Access

To Justice Act on January 29, 2009.  (Docket no. 28).  Plaintiff filed a Reply titled Plaintiff's Brief

In Support Of His Application And In Response To The Defendant's Memorandum In Opposition

To Plaintiff's Motion For Attorneys' Fees Under The Equal Access To Justice Act on February 9,

2009.  (Docket no. 30).  The matter was referred to the undersigned for Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B)[1]. (Docket no. 29). The matter has been fully briefed and the Court has concluded that a hearing is not necessary. E.D. Mich. LR 7.1(e)(2).

This action originated with Plaintiff's request for judicial review of an Administrative Law Judge's determination that although Plaintiff suffered from degenerative disc disease and morbid obesity, he is not suffering from a disability under the Social Security Act because he retains the residual functional capacity to perform a limited range of sedentary work and that there are a significant number of jobs in the economy which he can perform. Plaintiff alleges that he has been disabled and unable to work since April 17, 2003. Plaintiff filed applications for Disability and Disability Insurance Benefits on November 17, 2003. The Social Security Administration denied benefits. (Docket no. 9, 23 at 1-2). A requested *de novo* hearing was held on March 23, 2006 before Administrative Law Judge (ALJ) B. Lloyd Blair. (Docket no. 23 at 1). The ALJ subsequently found that the claimant was not entitled to a period of disability or Disability Insurance Benefits because he was not under a disability at any time from April 17, 2003 through the date of the ALJ's July 28, 2006 decision. (Docket no. 23). The Appeals Council declined to review the ALJ's decision and Plaintiff appealed the ALJ's decision to the district court.

The district court ultimately remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and instructed the ALJ to address medical evidence that Plaintiff suffers from impairment(s) in his lower extremities relating to Reflex Sympathetic Dystrophy ("RSD") and plantar fasciitis, evaluate treating physician Dr. Tracy's opinion and give specific reasons for the

---

[1]The matter was referred pursuant to 28 U.S.C. 636(b)(1)(A) (Docket no. 29), however as a post-judgment motion for fees it is not a "pretrial matter" and is considered "dispositive of a claim." Therefore the undersigned proceeds by Report and Recommendation under 28 U.S.C. 636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

weight assigned to that evidence, re-assess Plaintiff's credibility in accordance with 20 C.F.R. 404.1529 and SSR 96-7p and resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT) pursuant to SSR 00-04p or conduct a new step five inquiry as necessary.  (Docket no. 23).

### B.    Standard of Review

The Equal Access to Justice Act ("EAJA") provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(a)(A).  "[T]he proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person."  *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  The government bears the burden of showing that its position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 416 (2004).

"The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."  *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citing *Pierce*, 487 U.S. at 569 and *Jankovich*, 868 F.2d at 870)).  "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . .'"  *Scarborough*, 541 U.S. at 415 (internal citations omitted).

### C.    Analysis

3

The parties do not dispute that Plaintiff timely filed his Application For Attorneys' fees. 28 U.S.C. § 2412(d)(1)(B). Plaintiff's action was remanded pursuant to sentence four of 42 U.S.C. § 405(g) and Defendant does not dispute that Plaintiff is a prevailing party under 28 U.S.C. § 2412. *See Shalala v. Schaefer*, 509 U.S. 292, 300-301 (1993).

The issue before the Court is whether Defendant was substantially justified in making and defending its decision to deny Plaintiff benefits. Several factors show that the Commissioner's position in this case was not substantially justified. First, as set forth in the Undersigned's Report and Recommendation, the Court found that the ALJ failed to consider evidence in the record which addressed Plaintiff's lower extremities and recommended that on remand the ALJ consider evidence related to Plaintiff's alleged Reflex Sympathetic Distrophy (RSD) diagnosis as required by SSR 03-2p, 2003 WL 22399117 (Oct. 20, 2003).

Despite objective medical evidence symptoms of RSD, including an EMG showing increased uptake "in the right foot consistent with either RSD or plantar fasciitis," Jeffrey S. Pinto, M.D.'s observation that Plaintiff's right calf was decreased in size and his strength was noticeably weaker on the right, Dr. Rabbani's report that radionuclide angiogram and blood pool images of both feet which showed increased activity of the left foot and decreased activity of the right foot from possible disuse, and a delayed total body bone image and spot views showing increased activity involving the inferior aspect of the left calcaneus consistent with plantar fasciitis and the inferior aspect of the right calcaneus showing minimal increased activity, the ALJ did not mention RSD in his decision. (TR 335, 337, 367). The record shows that in February 2005 Dr. Pinto noted that the possibility of RSD needed to be clarified and/or addressed and Norine Tracy, M.D., diagnosed Plaintiff with RSD. (TR 338, 343-68, 370). The ALJ did not set forth the weight given to these opinions or the basis for

rejecting the opinions pursuant to 20 C.F.R. § 404.1527 and did not discuss the RSD evidence in his decision.  SSR 03-2p.

In this instance, the failure to apply the SSA regulation and governing law, specifically SSR 03-2p and 20 C.F.R. § 404.1527, infected the remainder of the ALJ's decision.  Any exertional limitations resulting from the RSD or plantar fasciitis were not included in the residual functional capacity finding.  For example, the ALJ failed to explain the weight given to treating physician Dr. Tracy's opinion.  Dr. Tracy opined that Plaintiff could not bend.  Despite the objective evidence of symptoms of RSD and plantar fasciitis, the ALJ did not specifically address Dr. Tracy's limitations and merely stated that "the medical record does not support these conclusions."  (TR 24, 343-44).

Despite Defendant's argument that its position was substantially justified because Plaintiff raised several issues on appeal on which the Court upheld the ALJ's findings, the Court finds that the failure to consider objective medical evidence related to RSD, physicians' diagnoses of RSD and/or plantar fasciitis, failure to explain the weight given to Dr. Tracy's opinions, and the failure to explain the credibility determination where Plaintiff's allegations were not inconsistent with at least a portion of the evidence that was not discussed, created a significant blind spot in the lens through which the ultimate disability determination was viewed.  The Court also notes that the VE's testimony was in part inconsistent with the Dictionary of Occupational Titles ("DOT") and the VE did not provide DOT codes for jobs to which the VE testified that Plaintiff could perform.  Some of the positions which the VE testified that Plaintiff could perform are listed in the DOT at exertional levels inconsistent with Plaintiff's Residual Functional Capacity as determined by the ALJ.  This conflict remained unresolved in the  ALJ's decision and therefore the ALJ did not comply with SSR 00-4p.  For these reasons the Court should find that the Defendant's position was

5

not substantially justified and the Plaintiff is entitled to attorneys fees pursuant to the EAJA.

###### D.      Amount Of Attorneys Fees

Plaintiff's award is limited to "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, ...." 28 U.S.C. 2412(d)(1)(A). Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Sec'y of Health and Human Servs.,* 822 F.2d 19, 21 (6th Cir. 1987). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Sixth Circuit has recognized that "the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." *Glass,* 822 F.2d at 21 (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986)). Plaintiff alleges total time of 60.12 hours by attorney Frederick J. Daley, Jr. at $165.00/hr in 2007 and 3.30 hours at 172.50/hr. in 2008, and law clerk time at 12.10 hours at $125.00/hr. Plaintiff asks for a total award of fees plus costs in the amount of $11,811.80.

Defendant argues that Plaintiff's attorneys' and law clerk's time spent on this matter is not reasonable. The Court agrees with Defendant that this matter was a fairly routine disability case. The transcript was not unduly large, and contained 409 pages. Of the other Social Security disability matters pending before the Undersigned, and based on the Court's experience with similar cases, this 409 page transcript is of average and not excessive length. The Undersigned also notes that the procedural history in this matter is straightforward and the Appeals Council declined to review the ALJ's decision, therefore, there are not remand issues, multiple prior proceedings or ALJ decisions

or other history to consider.  Finally, although Plaintiff prevailed before this Court, the Undersigned finds no novelty in the issues raised by Plaintiff.  Plaintiff's counsel raised multiple issues, but none was novel.  Plaintiff's counsel's work was, frankly, aided by the thoroughness with which the ALJ failed to address the evidence relating to plantar fasciitis and RSD.  Similarly, a review of the VE's testimony in conjunction with the DOT does not merit excessive hours.  Counsels' time log shows that attorney Hoppe took the laboring oar in drafting the pleadings.  The time log, however, also shows two layers of review beyond Hoppe for each pleading in this matter.  The Undersigned finds that the total hours claimed by Plaintiff's counsel in the litigation of this matter are excessive.

The Undersigned will exclude the following hours from the award of attorneys fees and costs because the fees and costs are not reasonable for the following reasons:

a.     Time spent editing the brief "for length."  The Local Rules for the United States District Court for the Eastern District of Michigan provide that the text of a brief including footnotes and signatures may not exceed 20 pages.  E.D. Mich. LR 7.1(c)(3).  "[A]ll parties to cases in the Eastern District of Michigan are charged with knowledge of the Local Court Rules."  *St. Paul Fire & Marine Ins. Co. v. CEI Florida, Inc.*, 152 F.R.D. 95, 97 (E.D.Mich. 1993).  The length of this brief was the subject of Plaintiff's motion to exceed the page limit which was denied by the Court.  On 11/21/2007 attorney Hoppe recorded .3 for "editing original draft for length."  Using the .3 as a benchmark for Hoppe's multiple entries related to "editing for length," the Court will exclude .3 from each of the following entries for the excessive time spent "editing for length," which was performed in addition to the other layers of edits and reviews in this matter:  11/15/2007, 11/20/2007, 11/21/2007 and

7

12/3/2007 for a total of 1.2 hours.  The Court also excludes an additional 5 hours

from the total 32.82 hours performed between 9/11/2007 and 10/11/2007 for record

review, research, editing, writing, and incorporation of the comments of other

timekeepers, which the Court finds excessive and duplicative in light of the

complexity of the issues and the extensive oversight, editing and review by multiple

other timekeepers in this matter.

b.    All time spent in any manner related to the "motion for clarification" which Plaintiff

filed on 11/19/2007.  Plaintiff's questions appear to arise in part from a series of

activities stemming from the fact that Plaintiff's counsel did not have an e-filing

login and password when he filed what he deems his "opening brief," (motion for

summary judgment).  As set forth above, Plaintiff's counsel is charged with

knowledge of the Local Court Rules, and the procedures of the jurisdiction in which

he is practicing.  The time spent seeking clarification and information regarding

practice and procedure in this District and re-filing briefs should not be the subject

of an award in this matter.  For this reason the following entries will be excluded

from the award: F. Daley 11/19/2007 (0.15 hrs.).

c.    All entries by law clerk S. Blaz will be excluded *except* for: The entry dated

6/11/2007  for "[d]rafting complaint and other filing documents"; those entries for

client contact: 5/21/2007, 10/22/2007, 12/7/2007, 1/9/2008, 1/14/2008, 7/31/2008

and 8/15/2008; and 2.5 hours for preparing the EAJA petition and EAJA Reply[2].

---

[2] Time spent on the EAJA Petition and Reply by Ms. Blaz and Mr. Daley was identified in Plaintiff's brief in Support of his application filed on February 9, 2009.  (Docket no. 30).  The Court otherwise relies for all calculations on the time log provided by Plaintiff at Exhibit C to

(Docket no. 25-5).  The remainder of S. Blaz's entries either fall under category sub(b), above, including calls to the Court to "clarify" e-filing, ask the clerk questions about the status of the matter, attempts to meet the page limit(s), draft the motion for clarification, etc. or are otherwise duplicative of the attorneys' time entries.  While Plaintiff may be otherwise willing to explain how S. Blaz's handling of the documents at issue varied from that of the attorneys in this matter, four sets of eyes and hands on the pleadings at issue is excessive and duplicative.  For example, on 10/11/2007 all four timekeepers in this matter reviewed, edited and/or otherwise handled the brief.  On 12/3/2007 three of four timekeepers reviewed and/or edited Plaintiff's draft reply.

d.      All entries by H. Freeman totaling 9.7 hours.  The entries of attorney Freeman duplicate both attorney Hoppe's review of the vocational expert testimony, the ALJ's decision and the medical evidence and attorney Daley's review of the record and attorney Daley's reviews of attorney Hoppe's drafts.  The Court also notes that attorney Freeman's entries dated 10/11/2007 for 2.5 hours and 12/3/2007 for .5 hours are in part duplicative of the entry dated 10/10/07 for 6.7 hours (review ALJ decision, and review of VE testimony, review draft) and Freeman is one of two layers of review for Hoppe's brief writing.  (Docket no. 25-5).

The Court finds that Plaintiff's reasonable attorneys hours spent on this matter number 47.27 and law clerk hours totaling 4.25.  The reduction in the hours is the result of the Court's careful review of the time log including scrutiny of layers of review of the pleadings by multiple attorneys,

---

Plaintiff's Application For Attorneys' Fees.

Plaintiff's counsels' work in seeking extensions, clarifications and otherwise bringing themselves

into compliance with this District's Rules and docket[3], and consideration of the specific issues,

difficulty and complexity of this case.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for

the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in

excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies

a higher fee."  28 U.S.C. § 2412(d)(2)(A).

The statutory hourly maximum under 28 U.S.C. § 2412(d)(2)(A) is $125.00 per hour "unless

the court determined that an increase in the cost of living or a special factor . . . justifies a higher

fee."  28 U.S.C. 2412(d)(2)(A).  The Court notes that the adjustment for cost of living over the

statutory rate is not a rubber stamp in awarding fees under the statute.  *See Begley v. Sec'ty of Health

and Human Servs.*, 966 F. 2d. 196, 199-200 (6th Cir. 1992).  The Sixth Circuit "has stressed that 'we

think it important that the $75 statutory rate is a ceiling and not a floor' and held that a district court

did not abuse its discretion 'in determining that the fees awarded should not exceed $75 per hour

even though the cost of living may have indeed risen since the enactment of the EAJA.'"  *Begley

v. Sec'ty of Health and Human Servs.*, 966 F. 2d. 196, 1999 (6th Cir. 1992) (*citing Chipman v. Sec'ty

of Health and Human Servs.*, 781 F.2d 545, 547 (1986)).  The Court notes precedent within this

District for adjusting the statutory rate for inflation and applying the Consumer Price Index.  *See

Fauss-Miller v. Comm'r of Soc. Sec.*, 2008 WL 2415432 at * 3 (E.D. Mich. June 12, 2008) (citing

---

[3] The Court also notes that Plaintiff's counsel has not produced a certification of the hours spent in this matter as required under E.D. Mich. LR 54.2(5) or an affidavit pursuant to E.D. Mich. LR 54.1.2(b).

*Dionne v. Barnhart*, 230 F.Supp.2d 84, 87 (D.Me. 2002)); *see also Ward v. Comm'r of Soc. Sec.*, 2008 WL 5099713 at *2 (S.D. Ohio Dec. 1, 2008) (applying Consumer Price Index for All Items Index).

Plaintiff moves the Court for an hourly rate of $165.00 per hour for work performed in 2007 and $172.50 per hour for work performed in 2008 and argues that the rates represent cost of living adjustments allowed by 28 U.S.C. section 2412(d)(2)(A)(ii) and shown by employing the "all items" figure provided by the Consumer Price Index for the Chicago area. Plaintiff also asks the Court to award an hourly rate of $125.00 per hour for law clerk work performed by Ms. Blaz, who had a J.D. degree at the time of her work on this matter.

Plaintiff argues that the 2007 rate adjusted for inflation is $165.00 and the 2008 rate adjusted for inflation is $172.50. Plaintiff argues that the appropriate rate is that of the Chicago market, where Plaintiff's counsel is located. Defendant argues that the appropriate rate is that of the Detroit market, the venue for the litigation at issue. While several cases discuss the attorneys rate in the "relevant market" or "relevant community" the cases do not define them. *See generally Missouri v. Jenkins*, 491 U.S. 274, 286 (1989); *Blum v. Stenson*, 465 U.S. 886 (1984). Defendant provided a case on point, however. The Ninth Circuit has held that "[g]enerally, the relevant community is one in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991).

In *Delgadillo v. Astrue*, the court held that by the clear language of the statute, the award at issue is the entitlement of the claimant, not the attorney. *See Delgadillo v. Astrue*, 601 F. Supp. 2d 1241, 1245, 1248 (D.Colo. 2007). In determining whether to apply a local or national cost of living increase, at least one court has held that "in view of the diverse nature of various cities' and regions'

11

economies, it is concluded that recognizing the cost of living increases actually experienced by the EAJA applicant is the fairer course." *Cox Constr. Co. v. United States*, 17 Cl.Ct. 29, 37 (1989); *accord Mannino v. West*, 12 Vet. App. 242 (Vet. App. 1999). The EAJA applicant is the claimant and the beneficiary of the EAJA is the claimant. The claimant in this matter is located in Michigan, and the case and pleadings in this matter were filed in the United States District Court for the Eastern District of Michigan located in Detroit, Michigan. The Court finds that these circumstances support a finding that the relevant market in this instance is Detroit, Michigan, and the Court should apply a Consumer Price Index for All Items for the Detroit-Ann Arbor- Flint, Michigan area.[4] Although Plaintiff's work on this matter spanned 2007 to 2008, the Court will apply the CPI-U figure "'most closely corresponding to the close of services.'" *Mitchum v. Astrue*, 586 F. Supp. 2d 424, 427 (D.S.C. 2007) (citing *Ball v. Sullivan*, 754 F. Supp. 71 (D.S.C. 1990)). The Court will use the CPI-U figure for August 2008, the date when Plaintiff became a prevailing party.

According to the U.S. Department of Labor's Consumer Price Index for all urban consumers, all items (CPI-U) for the Detroit-Ann Arbor-Flint, Michigan area, the consumer index as of August 2008 was 209.484. The consumer price index as of March 1996 was 151.3. Multiplying $125.00

---

[4]The Court will not entertain the argument raised by the parties as to whether or not other suitable counsel are available within the Eastern District of Michigan to handle cases on a Social Security claimant's behalf, thus justifying application of the Chicago-area CPI. The parties have not fully briefed the issue or provided support for the argument, other than conclusory statements of whether or not counsel is available. The Court also notes that of the next twelve Social Security appeals currently pending before the undersigned, all except two are being handled by attorneys located within the Eastern District of Michigan. Of the remaining two pending cases, one has a pro se claimant and the other is being handled by an attorney located within the Western District of Michigan. The Undersigned's experience that the available attorneys are competently representing Social Security claimants within this District and the high percentage of Social Security claimants represented by attorneys located within this District certainly undercut any argument that "no other suitable counsel" was available within this District. (Docket no. 30 at 16 of 18).

12

per hour times the ratio of 209.484 divided by 151.3 equals a cost of living increase to $172.50 per hour[5]. *See Mitchum v. Astrue*, 586 F. Supp. 2d 424, 426 (D.S.C. 2007).  When applied to the reduced total of 47.27 attorneys hours the total amount of attorneys fees is $8154.08.

 As set forth above, the Court should also allow 4.25 law clerk hours.  Defendant argues that the government should not be billed for administrative duties performed by the law clerk and that the $125 per hour fee requested by Plaintiff is excessive for the Detroit market.  Defendant apparently concedes that law clerk/ paralegal services are compensable except for administrative duties.  Consistent with the findings above, the Court will consider a reasonable market-based hourly fee for Plaintiff's law clerk.  The Court finds that the $125 per hour is excessive in this market.  The Court notes that the Sixth Circuit has approved the use of the State Bar of Michigan Economics Law Practice Survey to calculate prevailing rates.  *See Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005); *Sykes v. Anderson*, 2008 WL 4776837 (E.D. Mich. Oct. 31, 2008).  Pursuant to the 2007 Survey, the mean hourly billing rate for the paralegal with the highest skill set and expert level was $100.42.  *See* State Bar of Michigan 2007 Economics of Law Practice Survey.  The Court finds that due to Plaintiff's counsel possessing a juris doctor at the time of performing the tasks at issue, and due to the nature of the tasks, application of the rate for a paralegal of the highest skill set and expert level is appropriate.  Consistent with the attorneys rates calculated above, the Court will adjust the  rate with the CPU-U from the release date of the survey at issue, April 2007 ( 200.418) to August 2008 when Plaintiff became a prevailing party (209.484).  Based

---

[5]Plaintiff states that, adjusted for inflation in the Detroit area, the 2007 rate is $158.75 per hour and Plaintiff references an "Exhibit C" for these calculations but there is no Exhibit C attached to Plaintiff's Brief in Support, and Exhibit C to Plaintiff's application does not contain Consumer Price Index calculations.  (Docket no. 30 at pg. 16 of 18).

on this figure and the Court's knowledge of the local market, the Court concludes that a reasonable hourly fee for Plaintiff's law clerk is $105 (rounded up to the nearest whole dollar). The Court also notes that $125 per hour is the statutory hourly rate set forth for attorneys fees in EAJA awards and although the law clerk had a juris doctor degree at the time of performing the tasks in question, she is not identified or titled as an attorney and her tasks were commensurate to those of a law clerk or paralegal, not an attorney. The Court should not, therefore, reimburse her at the statutory attorney rate. The Court should award Plaintiff 4.25 law clerk hours at the reasonable rate of $105 per hour for a total of $446.25. Plaintiff is therefore entitled to attorneys fees in the total amount of $8600.33[6].

Plaintiff has provided to the Court a copy of an "Assignment of EAJA Fee" form purporting to be signed by Jeffrey S. Allshouse on May 18, 2007 and assigning any entitlement under the EAJA to his attorney, Frederick J. Daley, and directing that the EAJA award should be made payable to counsel. (Docket no. 25-10). Plaintiff's Application for Fees and Brief in Support asks that any awards of attorneys fees pursuant to the EAJA be made payable to Plaintiff's attorney, Frederick J. Daley. (Docket nos. 25, 30). While Defendant opposes the award of fees in this matter, Defendant has not opposed Plaintiff's request that the award be made payable to his counsel. "[A]ttorney's fee awards are necessarily payable to the attorney, either directly or through the hands of the prevailing party." *See King v. Comm'r of Soc. Sec.*, 230 Fed. Appx. 476, 482 (6th Cir. 2007). The Court should order the award to be made payable to Plaintiff's attorney, Frederick J. Daley.

---

[6]Although Plaintiff may also recover costs, the Court granted Plaintiff's motion to proceed in forma pauperis on June 22, 2007, allowing Plaintiff to proceed without prepayment of fees under 28 U.S.C. § 1915 and directing service without prepayment. Therefore, there is no filing fee in this matter and Plaintiff's counsel has not otherwise submitted a tally of costs.

**E.      Plaintiff's Request For Entry Of Final Judgment**

Plaintiff argues that it is a "prevailing party" under the EAJA and asks the Court to enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As set forth above, Plaintiff is a prevailing party pursuant to the EAJA and on September 18, 2008, the District Court Judge entered an order adopting the Report and Recommendation recommending remand of this matter. (Docket no. 24). The Court has not entered a corresponding judgment in this matter. The Court should direct entry of a judgment where this matter was remanded pursuant to sentence four of 42 U.S.C. § 405(g).

**III.    CONCLUSION:**

Plaintiff's Application for Attorneys' Fees Under The Equal Access To Justice Act And For Entry Of Final Judgment (Docket no. 25) should be GRANTED in part and pursuant to the EAJA and for the reasons set forth herein, Plaintiff be awarded attorney fees and costs in the total amount of $8600.33 made payable to Plaintiff's attorney Frederick J. Daley. The Court should direct entry of a final judgment in this matter. 42 U.S.C. § 405(g).

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y*

15

*of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 16, 2009                          s/ Mona K. Majzoub
                                                               MONA K. MAJZOUB
                                                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 16, 2009                          s/ Lisa C. Bartlett
                                                               Case Manager

16