**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JEFFREY S. ALLSHOUSE,**

        **Plaintiff,**                    **CIVIL ACTION NO. 07-12516**

      **vs.**                                **DISTRICT JUDGE ARTHUR J. TARNOW**

                                                **MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMMISSIONER OF
SOCIAL SECURITY,**

        **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**    The Petition for Attorney Fee Pursuant to § 206(b)(1) (docket no. 31) filed on October 14, 2009 should be **GRANTED** in part.

                                                             ***

**II.    REPORT: FACTS AND PROCEDURAL HISTORY:**

Plaintiff's attorney ("Petitioner") filed this Petition For Attorney Fee Pursuant To § 206(b)(1) on October 14, 2009. (Docket no. 31). Defendant did not file a Response. The matter was referred to the Undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1]. (Docket no. 36). The matter has been fully briefed and the Court has concluded that a hearing is not necessary. E.D. Mich. LR 7.1(f).

Plaintiff Social Security Claimant, by his attorney, filed this case on June 12, 2007 to appeal a final administrative decision dated July 28, 2006 denying his claim for disability and Disability

---

[1] This matter consists of a request for post-judgment relief, an award of attorneys fees. The Undersigned will consider this matter as a Report and Recommendation. *See Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993).

Insurance Benefits. (Docket no. 1, 23). On August 18, 2008 the Undersigned entered a Report and Recommendation recommending that the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket no. 23). On September 19, 2008 the District Court Judge entered an order adopting the Report and Recommendation. (Docket no. 24). The case was remanded and on remand, Plaintiff received a favorable decision by the Administrative Law Judge.

On December 16, 2008 Plaintiff filed an Application For Attorneys' Fees Under The Equal Access To Justice Act [EAJA] And For Entry Of Final Judgment on December 16, 2008. (Docket no. 25). On November 16, 2009 this Court entered a Report and Recommendation granting in part Plaintiff's application for attorneys fees pursuant to the EAJA in the amount of $8,600.33. (Docket no. 32). On December 11, 2009 the District Court Judge entered an order adopting the Undersigned's Report and Recommendation and granting in part Plaintiff's application for attorney fees. (Docket no. 34). Petitioner filed this Petition For Attorney Fee pursuant to 42 U.S.C. § 406(b)(1), section 206(b)(1) of the Social Security Act.

### III.     ANALYSIS: MOTION FOR ATTORNEY FEE UNDER 42 U.S.C. § 406(b)

When Plaintiff prevailed on the remand of his claim, the Commissioner's Office of Central Operations calculated that Plaintiff's past-due benefits totaled $44,884.00. (Docket no. 31-2). Petitioner seeks fees in the amount of $11,221.00, which is 25% of the past-due award. Petitioner provided the Court with billing information including attorneys and a legal assistant who worked on this matter and descriptions of the work performed from May 2007 through September 2008. Petitioner alleges that the total attorney hours worked in 2007 were 60.12 at the hourly rate of $165.00 and total attorney hours worked in 2008 were 2.2 at the hourly rate of $172.50. Petitioner also claims 11.35 law clerk (with a juris doctor degree) hours at $125 per hour. (Docket no. 31-5). Petitioner's billing summary totals $11,718.05. (Docket no. 31-5).

Pursuant to section 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'ty of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). "[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee– limited to 25- percent of past-due benefits– for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id.*

On February 13, 2008 Plaintiff entered into a contingency fee agreement with his attorney, Frederick J. Daley, by which he agreed to payment of a fee of up to 25% of any past due social security benefits award to Plaintiff or $5,300, whichever is less. (Docket no. 31-3). The Fee Agreement with Plaintiff also states that "I understand that my attorney has the right to seek review of the amount of the fee that would otherwise be the maximum fee under the fee agreement provision in 206(a)(2) of the Social Security Act, as amended," and sets forth the manner in which the attorney may exercise the option. (Docket no. 31-3).

The Supreme Court has clearly upheld contingent fees in this situation, stating that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In the Fee Agreement at issue, however, Petitioner agreed to the *lesser of* a fee of 25% of past due benefits or $5,300. The Fee Agreement states that petitioner may seek review of the amount pursuant to 206(a)(2) [42 U.S.C. § 406(a)(2)], which addresses work performed before the Commissioner, not before the Court[2]. This matter is brought pursuant to section 206(b)(1)(A) [42 U.S.C. 406(b)(1)(A)] and the Court does not find that the terms of the Fee Agreement between Plaintiff and his attorney, Petitioner, set forth a provision for awarding more than the lesser of 25% of past due benefits or $5,300. *See Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921, 924 (W.D. Mich. 2007) (The court's award was based on hours spent on the case and the attorney's regular fee because there was no contingent fee agreement, the court stating that "[c]ounsel's fee agreement with Plaintiff only addresses fees under 406(a) for his representation of Plaintiff in administrative proceedings before the Commissioner."). Similarly, the Fee Agreement at issue only addresses a request for increased fees pursuant to 42 U.S.C. § 406(a).

The Court finds that pursuant to the Fee Agreement, Petitioner is entitled to the lesser of $11,221.00 or $5,300. Petitioner has not shown that 42 U.S.C. § 406(b)(1)(A) is intended to supplant the parties' fee agreement. It is, however, intended to set a statutory ceiling for fees. *See*

---

[2] This finding is also supported by language in the Fee Agreement which states that in seeking a review of the amount of fee, the attorney "shall be submitting a review for an increase above $5,300.00, within 15 days of receipt of the Award Letter." (Docket no. 31-3). This language is consistent with section 406(a)(3) and Petitioner did not seek review with this Court within 15 days of receipt of the August 20, 2009 Notice of Award, even considering that the Notice is not deemed received 5 days after the date on the Notice. (Docket no. 31-2).

*Bentley*, 524 F. Supp. 2d at 924 ("*Gisbrecht* did not authorize the award of a contingent fee under § 406(b) in the absence of a contingent fee agreement."). Here, the parties agreed to a contingent fee, but qualified it by agreeing to the *lesser of* the contingent fee or $5,300.

The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Id* at 746. Next, that Court should "look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* "The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.* The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories. *See id.* First, "those occasioned by improper conduct or ineffectiveness of counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'ty of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez).* There is no claim here of delay by Petitioner, or other improper conduct or ineffectiveness. The Court does not find that enforcing the Fee Agreement as written would result in an inordinately large benefit award to Petitioner or that

5

minimal effort was expended[3]. The Court should order that Petitioner be awarded $5,300 in attorneys fees pursuant to 42 U.S.C. § 406(b) payable from Plaintiff's past-due Social Security benefits that have been withheld by the Commissioner.

Plaintiff has already been awarded attorney fees pursuant to the EAJA. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. Petitioner was previously awarded $8600.33 under the EAJA for representing Plaintiff in the same court proceedings. The Court should order that Petitioner refund to Plaintiff the lesser of the two awards, $5,300.

## IV. CONCLUSION:

The Petition For Attorney Fee Pursuant to § 206(b)(1) (docket no. 31) should be GRANTED in part and Petitioner should be awarded $5,300 in attorney's fees pursuant to 42 U.S.C. § 406(b), payable from Plaintiff's past due Social Security benefits that have been withheld by the Commissioner. Within thirty days of receiving the attorney's fee award, Plaintiff's attorney, Frederick J. Daley, Jr., should refund $5,300 to Plaintiff.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections

---

[3]This Court has discussed in detail the reasonableness of Petitioner's fees in its consideration of the EAJA fee award. Petitioner's $5,300 fee pursuant to the Fee Agreement is less than the amount the Court found reasonable in the EAJA fee award. (Docket no. 32, 34).

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 5, 2010                  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 5, 2010                  s/ Lisa C. Bartlett
Case Manager